Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Parte Recurrida<br><br>v.<br><br>LUIS RICARDO MONTES SANTIAGO<br>Parte Peticionaria | KLCE202401152 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B SC2024G00015<br>B SC2024G0016<br><br>Sobre: Inf. Art. 401, LSC (2 Casos) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de noviembre de 2024

Comparece el señor Luis Ricardo Montes Santiago (en adelante, peticionario o señor Montes Santiago) por conducto de su representación legal y presentó una *Petición de Certiorari.* En su recurso nos solicita que expidamos el auto y revoquemos la *Resolución* emitida el 23 de septiembre de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI). Mediante el aludido dictamen, el TPI determinó *no ha lugar* una solicitud de supresión de evidencia.

Luego de que emitiéramos una resolución a tales efectos, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, compareció mediante *Escrito en Cumplimiento de Orden.*

Examinados los escritos presentados, y por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari.*

**I.**

Por hechos ocurridos el 15 de noviembre de 2023, en la Barriada Zambrana del pueblo de Coamo, el señor Montes Santiago fue denunciado por varias infracciones al Artículo 401 de la Ley de Sustancias Controladas[1]. Ante dichas denuncias, el 30 de noviembre de 2024, el foro primario le determinó causa para su arresto por dos cargos por violación al Art. 401, *supra*. En ambos cargos el Ministerio Público arguyó que el señor Montes Santiago poseía las sustancias controladas con la intención de distribuirlas. Como parte de los procedimientos, el 16 de enero de 2024, el TPI encontró causa para acusar al señor Montes Santiago por los delitos de posesión de sustancias controladas con la intención de distribuirlas.

Luego de varios incidentes, el 18 de marzo de 2024, la defensa del señor Montes Santiago presentó una *Moción en Solicitud de la Supresión de Evidencia*. Luego de la correspondiente réplica por parte del Ministerio Público, el 20 de agosto de 2024, se celebró la vista de supresión de evidencia. El acusado compareció representado por su abogada y el Ministerio Público por la fiscal Ámbar Ramos Ortiz. Durante la vista se presentó el testimonio del Agente Víctor López Marrero, placa 24700, de la División de Drogas de Aibonito. En síntesis, el agente López Marrero declaró que iba en una patrulla y observó la transacción de drogas frente a la residencia #47. De las dos personas que observó mientras ocurría la transacción de drogas, identificó al señor Montes Santiago como el vendedor[2]. Cuando el señor Montes Santiago se percata de la presencia del policía, se monta en un Toyota blanco -por el área del chofer- y se guardó algo en el área de los genitales. El agente

---

[1] Ley Núm. 4 de 23 de junio de 1971, según enmendada. (24 LPRA sec. 2401)
[2] El señor Luis Ricardo Montes Santiago, fue identificado por el Agente López Marrero durante el juicio.

interviene, lo arresta -a pesar de su resistencia- lo registra y dentro de sus genitales le ocupa un pote de pastillas con bolsas transparentes con polvo blanco en su interior; en el bolsillo posterior tenía $55.00. Le indicó verbalmente las advertencias y lo trasladó al cuartel de la policía. Allí nuevamente le leyó las advertencias, se las explica, el señor Montes Santiago las entiende y las firma. La prueba resultó positiva a cocaína (22 bolsas). El agente preparó el inventario de la prueba ocupada y del dinero. Evaluada la totalidad de la prueba y el testimonio vertido en sala el TPI concluyó que no se configuró un testimonio estereotipado. De igual manera determinó que el registro y ocupación fue incidental a un arresto válido.

En resumen, escuchado el testimonio del agente y de la prueba desfilada y creída, el foro primario resolvió que el agente tuvo motivos fundados válidos para realizar la intervención y que el registro fue incidental a un arresto válido. Igualmente, que su testimonio no fue estereotipado, por lo cual, no procedía la supresión de la evidencia solicitada por la defensa[3]. Por lo anterior, declaró *No Ha Lugar* la solicitud de supresión de evidencia presentada por la defensa.

Ante ese dictamen, la defensa presentó una *Solicitud de Reconsideración* y el Ministerio Público su oposición. Sometido el asunto, el 23 de septiembre de 2024, el foro primario declaró *No Ha Lugar*[4] a la reconsideración de la determinación que denegó la supresión de la evidencia obtenida.

Inconforme, el señor Montes Santiago presentó el recurso que nos ocupa en el cual alega que el TPI incurrió en el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia como cuestión de derecho al declarar no ha lugar la moción

---

[3] Resaltamos que el dictamen recurrido consta de determinaciones de hechos claras y precisas, así como sustentado por toda la jurisprudencia interpretativa y relacionada a los motivos fundados, arresto, registro sin orden y testimonios no estereotipados, entre otros.

[4] La *Resolución a Reconsideración* emitida por el TPI, igualmente fue apoyada con jurisprudencia interpretativa relativa a la controversia.

de supresión de evidencia presentada por el peticionario.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). La expedición de este, como señala la ley, queda en la sana discreción de este Tribunal. *Íd.*

Por ello, la Regla 40 del Reglamento del Tribunal de Apelaciones[5], establece los criterios que este Tribunal debe tomar en consideración al ejercer su discreción y determinar si es procedente la expedición de un auto de *certiorari* o de una orden de mostrar causa. A esos efectos, la referida regla dispone, en lo pertinente, lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[5] 4 LPRA Ap. XXII-B, R. 40.

Sobre estos criterios de evaluación nuestro más Alto Foro ha enunciado que el foro apelativo intermedio debe evaluar tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el fin de determinar si dicha etapa es la más apropiada o conveniente para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del pleito. *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 84-85 (2008). Por tanto, se trata de un recurso a ser expedido discrecionalmente.

Por otra parte, es norma reiterada en nuestra jurisdicción que la apreciación de la prueba hecha por el foro de instancia merece gran deferencia por parte de un tribunal apelativo. En ausencia de error manifiesto, pasión, prejuicio o parcialidad, los tribunales apelativos no intervendrán con la apreciación de la prueba hecha por el Tribunal de Primera Instancia. *Pueblo v. Maisonave Rodríguez*, 129 DPR 49, 62-63 (1991). En fin, las determinaciones de hecho no deben ser rechazadas de forma arbitraria, ni sustituidas por el criterio del foro apelativo, salvo que éstas carezcan de fundamento suficiente a la luz de la prueba presentada. Ciertamente, los foros de instancia están en mejor posición para evaluar la prueba desfilada, pues tienen la oportunidad de observar y escuchar a los testigos y, por tal razón, su apreciación merece gran respeto y deferencia.

En consideración a lo anterior, y luego de un concienzudo análisis del expediente y la grabación de la vista, no identificamos fundamentos jurídicos o fácticos que nos muevan a expedir el auto de *certiorari*, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recursos. En otras palabras, del recurso ante nuestra consideración -incluye la grabación de la vista- no surgen hechos o circunstancias puntuales que justifiquen nuestra intervención para revocar la apreciación del

juzgador primario, ante una solicitud de supresión de evidencia a amparo de la Regla 234 de Procedimiento Criminal (34 LPRA Ap. II, R. 234).

Por último, reconocemos que en esta etapa del procedimiento criminal no está en controversia la culpabilidad o inocencia del acusado, lo único que se determinó adecuadamente por el foro primario fue la legalidad o razonabilidad del registro realizado, la admisibilidad de la prueba ocupada y el testimonio vertido en sala. Lo anterior, bajo el *quantum* de prueba requerido en una vista de supresión de evidencia que es por preponderancia de la prueba.

### III.

Por los fundamentos que anteceden, denegamos expedir el auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones